LOTTINGER, Judge.
This is a tort action wherein the plaintiff, seeks to recover damages as the result of an accident which occurred in the City of Baton Rouge on July 31, 1952. The petition alleges that as the plaintiff attempted ■to board one of the defendant’s busses, that she slipped into a ditch and broke her leg. Negligence is charged against the defendant bus company in that its driver, knowing ■or should have known of the existence of the slippery ditch, parked too close to same and thus failed to provide sufficient passage for persons entering and leaving the bus. After the defendant filed an exception of vagueness, an amended petition was filed wherein the plaintiff’s husband joined in the suit seeking recovery of the medical expenses incurred as a result of the accident. Following trial on the merits in the court below, judgment was rendered in favor of the defendant and the matter is now before us on an appeal taken by the plaintiffs.
The trial judge furnished written reasons for judgment wherein he made the following findings of fact:
“ * * * The accident occurred about mid-morning on July 31, 1952 while the bus was stopped at its regular outlying terminal on O’Dell Street, just off 48th Street, in Baton Rouge. O’Dell Street, is approximately 20 feet wide from ditch to ditch and is surfaced with gravel. The writer has made two personal inspections of the scene of the accident, one shortly before the trial of the case and one shortly thereafter. Photographs of the scene was offered in evidence by both sides, plaintiff’s photographs being made on.the day of the accident and defendant’s about ten months thereafter. From these photographs and from the lack of any evidence to the contrary it appears there has been no appreciable, change in the street since the date of the accident, and this appears to be true as to the ditch except that in the summer when the accident occurred the grass and weeds in the ditch were green and growing, and in the winter when the case was tried they were dead and flattened.
“At the time of the accident the bus had made its regular terminal stop on the north side of O’Dell Street at least 40 or 50 feet west of 48th Street and alongside the ditch which is on the north side of the street. This ditch is approximately four feet wide and one foot deep in the center. It is not disputed that at the time of the accident the ditch was 'filled with water. No bridge across the ditch was provided. To cross it for the purpose of boarding the bus would have necessitated wading, stepping or jumping across it. In my opinion plaintiff was not required to do either, and it does not appear that defendant makes any such contention. Defendant does suggest, however, that plaintiff might have walked out into the street, into the south traffic lane, and along this traffic lane for a distance of more than 27 feet, the length of the bus, thence in front of the bus and around to the front door. This would have exposed plaintiff to danger from both eastbound and westbound traffic and would, in my opinion, have constituted negligence on her part. It does not seem to be disputed by defendant that prospective passengers arriving from the east after the bus had stopped were expected to reach the front door by walking between the bus and the ditch, at least on occasions such as the day in ques *666 tion when the ditch was filled with water. In dry weather the ditch presented no particular problem since it could then 'be safely crossed at any point.1 It is defendant’s contention that the bus was parked :a sufficient distance south of the ditch to afford plaintiff a safe path along which she could walk to the front door of the bus, and this is the only disputed question of material fact.
“The bus driver testified that it was his, custom to park his bus at least 2, or 3 feet from the ditch. While, he gave no positive testimony as to the distance at the time of the accident, it appeared to be his opinion-that he had followed this custom at the time in question. Annie McDaniel, a witness for defendant, testified that she and another woman were waiting for the bus when it arrived; that it stopped at its usual place exactly where they stood, the side of the bus being about 3i/£ feet from them.
“Plaintiff, her daughter, and two other witnesses testified that the bus was parked very near the ditch, although none of them undertook to fix the distance in feet and inches. They testified that both plaintiff and her daughter, who was walking behind her, faced the bus, placed both hands against its side and walked sideways from the rear of the bus toward its front, and that while so' proceeding plaintiff’s foot slipped into the ditch with resulting injuries to her.
“The photographs of the scene of the accident introduced-in evidence by plaintiff were taken about hours after the accident. Three of these photographs, identified as P-4,' P-7 and P-8, show tire marks of a large vehicle near the edge of the ditch. The court cannot assume that these tire marks were made by the bus when it parked immediately prior to the accident. The other photographs offered in evidence by plaintiff and those offered by defendant add little if anything to the material evidence in the-case since.they are of no assistance to the court in determining the position of the bus at the time of the apcident.
“While the testimony of plaintiff and' her witnesses is that the bus was párked so near the ditch that a person could not walk between them in safety,, there is other testimony of these witnesses, particularly with reference to plaintiff’s position- immediately after the accident and their activities in removing her from the scene of the accident, which tends to corroborate the-testimony of the defendant’s witnesses-that there was a sufficient distance between the ditch and the bus for a person to walk there in safety. It is my opinion that there is not a preponderance of evidence showing that the bus was parkedt nearer than 2Yz or 3-feet to the ditch. * * *
“However, as heretofore stated in connection with the discussion of the facts, it is my opinion that plaintiff has failed to establish by a preponderance of the evidence that the bus was parked in a place of danger to prospective passengers.”
 Counsel have not furnished us-with, nor have we' been 'able to find any Louisiana jurisprudence concerning a factual situation identical to that presented in the case at bar. ' However, counsel for plaintiff admits in his brief and we agree with him that the status of the plaintiff, Rosa Norwood Vaughn, was only that of a prospective passenger and as such, entitled only to reasonable care and diligence on the part "of the driver of the bus. A review of the record fails to disclose any manifest error of the factual finding of the trial judge quoted above and consequently we are of the opinion that the plaintiffs have failed to prove negligence such as would entitle them to recover.
For the reasons assigned, the judgment appealed from is affirméd.
Judgment affirmed.